UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY LEWIS JONES, | ) | 1:05-CV-1240 REC SMS P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO EXTEND TIME AS PREMATURE |
| | ) | |
| v. | ) | |
| | ) | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| C/O C. CARLOS, et al., | ) | |
| | ) | |
| | ) | (DOCUMENT #5, 6) |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On October 24, 2005, plaintiff filed a motion for enlargement of time to present his case. Plaintiff filed his complaint on September 23, 2005, and at the time plaintiff filed his motion, there were no outstanding deadlines pending. Therefore, plaintiff's motion was premature and shall be denied on that ground. The day after plaintiff filed his motion, the court issued an order requiring plaintiff to pay the filing fee in full or file an application to proceed in forma pauperis. If plaintiff needs additional time to comply with that order, he may file a renewed motion for an extension of time with the court.

In his motion for an extension of time, plaintiff also requests the appointment of counsel. The court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court

1  may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).[1]  Terrell v. Brewer,
2  935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and compensating
3  counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.  "A
4  finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the
5  merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the
6  legal issues involved.'"  Terrell, 935 F.2d at 1017 (citations omitted).

7       In the present case, the court does not find the required exceptional circumstances.  Even if it is
8  assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if
9  proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases
10 almost daily.  At this early stage in the proceedings, the court cannot make a determination that plaintiff
11 is likely to succeed on the merits, and based on a review of the record in this case, the court does not find
12 that plaintiff cannot adequately articulate his claims.[2]  Terrell, 935 F.2d at 1017.

13      In accordance with the above, IT IS HEREBY ORDERED that:

14      1. Plaintiff's motion for enlargement of time is DENIED as premature; and

15      2. Plaintiff's request for the appointment of counsel is DENIED.

17 IT IS SO ORDERED.

18 **Dated:   November 17, 2005**              **/s/ Sandra M. Snyder**
   i0d3h8                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has not yet been granted leave to proceed in forma pauperis.

[2] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A.  The court has many civil cases pending before it.  Once plaintiff either pays the filing fee in full or files a completed application to proceed in forma pauperis, the court will screen plaintiff's complaint in due course.